WADIA ENTERPRISES, INC. *v.* CAROLYNE
HIRSCHFELD ET AL.
(10477)

DUPONT, C. J., NORCOTT and LAVERY, Js.

Argued January 17—decision released March 24, 1992

*Robert A. Slavitt,* with whom was *Michael J. Lawrence,* for the appellant (plaintiff).

*Michael D. Bromley,* with whom, on the brief, was *Burt M. Hoffman,* for the appellees (defendants).

NORCOTT, J. The plaintiff corporation appeals from the trial court's granting of the defendants' motion for summary judgment. The plaintiff claims that the trial court improperly concluded that (1) the plaintiff failed to raise any genuine factual issue regarding whether the defendants acted in bad faith, or waived or became estopped to assert the protection of the Home Improvement Act, General Statutes § 20-418 et seq. (the Act), (2) there was no issue of material fact regarding the existence of the notice of cancellation that the Act requires, and (3) there was no factual issue regarding whether the defendants consented to work performed, thereby barring them from recovering under the Act. We affirm the trial court's judgment.

The record discloses the following facts. In August, 1989, the parties entered into a detailed, written contract for the renovation of and addition to the defendants' house in Greenwich. The contract was prepared by the defendants' architect and New York attorneys before being presented to the plaintiff for execution. Relevant parts of the contract provided for payment of $599,314.80, substantial completion of the project 170 days after the building permit was obtained, a penalty clause of $500 per day for failure to complete the project within the time provided in the contract, supervision of the project by the defendants' architect, the defendants' retention of 5 percent of each installment payment until the architect's certification of the completion of the job, and the right to submit any disputes to arbitration upon the parties' mutual agreement. It is not disputed that this contract was a home improvement contract within the meaning of the Act. The contract did, however, fail to provide specifically for a notice of cancellation pursuant to General Statutes § 20-429 (a) (6).

On September 14, 1989, the plaintiff submitted the first of ten requisitions for payment, the first nine of which were approved by the defendants' architect and paid to the plaintiff, minus the 5 percent retainage. On August 30, 1990, the architect approved and certified for payment the tenth and final requisition in the amount of $64,000. A total of $35,676 of this sum consisted of the amounts retained from the first nine payments the defendants made. The defendants, however, did not issue final payment. They instead asserted that sums due under the contract's liquidated damages clause were to be set off against the plaintiff's final requisition for payment. The defendants also did not agree to submit the dispute to arbitration.

Thereafter, the plaintiff caused a mechanic's lien to be filed on the Greenwich land records, and commenced

the underlying action to foreclose that lien and for breach of contract.[1] On December 13, 1990, the defendants filed answers and special defenses, alleging that (1) payment in full had been made, (2) there was a failure of performance of the contract, and (3) that the contract violated the Act. Later, the plaintiff countered by filing an amended complaint, essentially alleging that the defendants' refusal to make final payment amounted to bad faith use of the Act. The defendants then sought summary judgment, claiming that the underlying contract was unenforceable pursuant to the requirement of General Statutes § 20-429 (a) (6).[2] Thereafter, the trial court granted the defendants' motion. The court found that the contract was unenforceable, and that, because the plaintiff had failed to raise any genuine issue as to any material fact, the defendants were entitled to judgment as a matter of law.

The standards governing our review of a trial court's decision on a motion for summary judgment are clear. Practice Book § 384 provides that summary judgment "shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." See *Connecticut Bank & Trust Co.* v. *Carriage Lane Associates,* 219 Conn. 772, 780–81, 595 A.2d 334 (1991); *Lees* v. *Middlesex Ins. Co.,* 219 Conn. 644, 650, 594 A.2d 952 (1991); *Trotta* v. *Branford,* 26 Conn. App. 407, 409, 601 A.2d 1036 (1992). While the burden of

---

[1] The complaint specifically sounded in three counts: foreclosure of mechanic's lien, breach of the written construction contract and a claim in quasi contract.

[2] General Statutes § 20-429 (a) provides in pertinent part: "No home improvement contract shall be valid or enforceable against an owner unless it . . . (6) contains a notice of the owner's cancellation rights in accordance with the provisions of Chapter 740 [the Home Solicitations Sales Act] . . . ."

showing the nonexistence of any material fact is on the party seeking summary judgment; see *D.H.R. Construction Co.* v. *Donnelly,* 180 Conn. 430, 434, 429 A.2d 908 (1980); "the party opposing [summary judgment] must substantiate its adverse claim by showing that there is a genuine issue of material fact together with the evidence disclosing the existence of such an issue." (Internal quotation marks omitted.) *Bassin* v. *Stamford,* 26 Conn. App. 534, 537, 602 A.2d 1044 (1992). "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party." *Strada* v. *Connecticut Newspapers, Inc.,* 193 Conn. 313, 317, 477 A.2d 1005 (1984). "The test is whether a party would be entitled to a directed verdict on the same facts." (Internal quotation marks omitted.) *Trotta* v. *Branford,* supra, 410.

We first consider the plaintiff's claim that the trial court improperly determined that no genuine issue of material fact existed as to whether the contract is violative of the Act with respect to notice of cancellation. The plaintiff argues that the notice is contained in the contract's provision that work was to commence seven days after the plaintiff obtained a building permit. The plaintiff contends that a genuine issue of material fact exists as to the notice requirement because the contract, as drafted by the defendants, states that the work to be performed shall commence seven days after a building permit is obtained and the contract is executed, a time period greater than the statutorily required three day cancellation period in which the agreement could have been rescinded.

General Statutes § 20-429 provides that "[n]o home improvement contract shall be valid or enforceable against an owner unless it . . . contains a notice of the owners' cancellation rights in accordance with the provisions of the [Home Solicitation Sales Act, General Statutes § 42-134a et seq.]." General Statutes

§ 42-135a requires that home solicitation sales contracts contain specific language that consumers have three business days in which to cancel the contract. To provide that work is to commence within seven days says nothing about the right to cancel a contract. Because the contract at issue did not contain the specific language required by General Statutes § 20-429, the trial court therefore correctly determined that the notice provision was missing and that the contract was violative of the Home Improvement Act.

We next turn to the plaintiff's claim that the trial court improperly determined that no genuine issue of material fact existed as to its claim that the defendants acted in bad faith in seeking to use the Act as a defense. The plaintiff contractor maintains that by virtue of its pleadings and affidavit in support of its opposition to the motion for summary judgment, it raised a genuine issue of a material fact as to the defendants' alleged bad faith claim, which, if proven, provides an exception to the now established general rule that precludes recovery by a contractor who has failed to comply with the Act's requirements.

In a series of related cases, our Supreme Court recently held that defective home improvement contracts are unenforceable under almost every imaginable theory of recovery. See *Barrett Builders* v. *Miller*, 215 Conn. 316, 576 A.2d 455 (1990) (quasi contract); *A. Secondino & Son, Inc.* v. *LoRicco*, 215 Conn. 336, 576 A.2d 464 (1990) (quantum meruit and unjust enrichment); *Liljedahl Bros., Inc.* v. *Grigsby*, 215 Conn. 345, 576 A.2d 149 (1990) (implied contract). Although the court clearly stated that defective home improvement contracts are invalid and unenforceable as a matter of public policy so as to afford protection to consumers, it also recognized that disallowing all of these invalid contracts "may lead to a harsh result." *Barrett Builders* v. *Miller*, supra, 326. The court stated that

the legislature might do well to contemplate the possibility that some inexperienced contractors may encounter unscrupulous homeowners who use the Act "as a sword rather than as a shield." Id., 328.[3] It suggested that bad faith on the part of a homeowner might preclude use of the Act as a defense. Id.; see also *A. Secondino & Son, Inc.* v. *LoRicco,* supra, 340.

Here, the plaintiff contends it has sufficiently raised a genuine issue of material fact as to the defendants' alleged bad faith claim that because the contract is invalid under the Act, the plaintiff may not recover. The essence of the plaintiff's assertion seems to be that the defendants, by preparing the underlying defective contract through its sophisticated agents (their attorneys and architect), somehow prevailed upon the plaintiff contractor's innocence and then, after certain work had been performed and payments made, relied on the same contract and the Act as a defense to the plaintiff's action against them. The plaintiff contends that these allegations in its pleadings and supporting affidavits sufficiently raise a genuine issue of material fact so as to preclude the granting of summary judgment for the defendants. We disagree.

"It is not enough that one opposing a motion for a summary judgment claims that there is a genuine issue of material fact; some evidence showing the existence of such an issue must be presented in the counter affidavit.' " *United Oil Co.* v. *Urban Redevelopment Commission,* 158 Conn. 364, 377, 260 A.2d 596 (1969). Further, "[i]t is not enough . . . merely to assert the existence of such a disputed issue . . . [instead] the genuine issue aspect requires the party to bring forward before trial *evidentiary facts,* or *substantial evidence outside of the pleadings,* from which the material

[3] It is noteworthy that subsequent to *Barrett Builders* v. *Miller,* 215 Conn. 316, 576 A.2d 455 (1990), the legislature has not amended the Act.

facts alleged in the pleadings can warrantably be inferred." (Citations omitted; emphasis in original; internal quotation marks omitted.) *Na-Mor, Inc.* v. *Roballey,* 24 Conn. App. 215, 217, 587 A.2d 427 (1991). "Mere statements of legal conclusions or that an issue of fact does exist are not sufficient to raise the issue." *United Oil Co.* v. *Urban Redevelopment Commission,* supra.

In urging that we accept its arguments, the plaintiff directs our attention to those cases holding that issues involving motive or intent; *Town Bank & Trust Co.* v. *Benson,* 176 Conn. 304, 309, 407 A.2d 971 (1978); or good faith and bad faith; *United Oil Co.* v. *Urban Redevelopment Commission,* supra, 381; like negligence cases, should not be resolved by summary judgment. It is clear, however, that this proposition does not relieve the plaintiff from presenting a requisite factual predicate for its claim of bad faith. *Multi-Service Contractors, Inc.* v. *Vernon,* 193 Conn. 446, 452, 477 A.2d 653 (1984).

"Bad faith" is an indefinite term that contemplates a state of mind affirmatively operating with some design or motive of interest or ill will. *New Amsterdam Casualty Co.* v. *National Newark & Essex Banking Co.,* 117 N.J. Eq. 264, 277, 175 A. 609 (1934). Good faith performance of a contract "emphasizes faithfulness to an agreed common purpose and consistency with the justified expectations of the other party . . . ." (Internal quotation marks omitted.) *Warner* v. *Konover,* 210 Conn. 150, 155, 553 A.2d 1138 (1989), quoting 2 Restatement (Second), Contracts § 205, comment (a).

Our examination of the plaintiff's evidence submitted in support of its allegation of bad faith leaves us unpersuaded as to its claim. Viewed in a light most favorable to the plaintiff, the plaintiff's affidavits in opposition to the motion for summary judgment deal very frugally with the issue of bad faith. The plaintiff's

president avers that, without the advice of counsel,[4] he personally negotiated the home improvement contract prepared by the defendants' New York attorneys, and that the defendants asserted their rights under the contract after which they sought to use the invalid contract as a defense pursuant to the Act. Nowhere, however, does the plaintiff even assert that the defendants knew of the defect in the contract and affirmatively concealed or induced the plaintiff into signing the contract so as to be in a position thereafter to utilize the Act's protection. Mere statements of legal conclusions; *United Oil Co.* v. *Urban Redevelopment Commission,* supra, 377; and bald assertions, without more, are insufficient to raise a genuine issue of material fact capable of defeating summary judgment. *Connecticut Bank & Trust Co.* v. *Carriage Lane Associates,* 219 Conn. 772, 784, 595 A.2d 334 (1991). Even if we assume arguendo that the plaintiff's allegations are true, we nevertheless must conclude that the plaintiff has failed to present the requisite underlying factual basis sufficient to raise a genuine issue of bad faith on the part of the defendants. The trial court therefore correctly determined that "[n]either the conclusory allegations of the complaint nor the documentary evidence submitted by the defendants raises any genuine issue as to any material fact relating to bad faith."

The remaining argument the plaintiff poses has no merit. In light of the clear expression of public policy establishing that the Act precludes a contractor's recovery under an unenforceable home improvement con-

---

[4] The bold print language of the contract provided in pertinent part, "THIS DOCUMENT HAS IMPORTANT LEGAL CONSEQUENCES; CONSULTATION WITH AN ATTORNEY IS ENCOURAGED WITH RESPECT TO ITS COMPLETION OR MODIFICATION." Despite this language, the plaintiff's president negotiated and signed the contract without the assistance of counsel.

tract, the plaintiff's claims that the defendants are not to be afforded the Act's protection because of waiver, estoppel and consent must fail.

The judgment is affirmed.

In this opinion the other judges concurred.