[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT (#130)
The defendant, Richard Piersall, d/b/a, has moved for summary judgment on the plaintiffs' complaint which arises from an alleged fall-down on premises of the co-defendant, Sears, Roebuck Co.
Whether, as the defendant-Piersall asserts, he was an independent contractor who was engaged in providing a service, raises issues of fact; F.A.S. International, Inc. v. Reilly,179 Conn. 507, 512-13 (1980); as does the claim that his work had been completed and accepted by the owner. Coburn v. Lenox Homes, Inc.,173 Conn. 567, 575 (1977). The question of status is one of fact; Spring v. Constantino, 168 Conn. 563, 574 (1975); and "the ultimate test depends upon divers considerations of varying importance, all of which must be considered, and no one of which is determinative; and it is extremely difficult, if not impossible, to make a statement of definite facts by which the status of a given person can unfailingly be determined." Electrolux Corporation v. Danaher, 128 Conn. 342, 348 (1941).
By the same token, whether, as the plaintiffs claim, the defendant in the performance of his work, or portions of it, falls within the definition of a product seller; 52-572m(a), Connecticut General Statutes; also raises questions of fact. That one renders a service and in so doing sells and delivers a product is not beyond the realm of possibility. See Carbone v. Connecticut Light Power Co., 40 Conn. Sup. 120, 122 (1984). The terms of the oral contract between the defendant and co-defendant (Sears) may well shed light on this question.
Summary relief is inappropriate unless . . . "there is no genuine issue as to any material fact and . . . the moving party is entitled to judgment as a matter of law" Connecticut Bank Trust Co. v. Carriage Lane Associates, 219 Conn. 772, 780-81 (1991). The burden of demonstrating the non-existence of such fact rests with the moving party; D.H.R. Construction Co. v. Donnelly,180 Conn. 430, 434 (1980); and in making a finding with reference thereto the court must examine the evidence in the light most favorable to the non-movant. United Oil Co. v. Urban Development Commission, 158 Conn. 364, 380 (1969); Wadia Enterprises, Inc. v. Hirschfield, 27 Conn. App. 162, 166 (1992).
In its application of the above standard, the court is unable to conclude that there is an absence of a genuine issue of material fact. Accordingly, the motion for summary judgment is denied.
GAFFNEY, J. CT Page 4320