[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT
The plaintiff instituted the present action seeking, in the First Count, to recover the balance due under a contract for the renovation of the defendant's home. The Second Count of the complaint alleges that the plaintiff performed extra work in connection with the renovations and that the plaintiff has been advised that the defendant refuses to pay for said extras on the basis that the plaintiff's agreement does not comply with Connecticut General Statutes Section 20-249 (a) and that the defendant refuses to permit the plaintiff to enter upon the property for the purpose of removing the extras. The plaintiff then claims that the retention of the extras without paying for them, relying upon the statute referred to above, is unconscionable and unequitable and therefore seeks a temporary and permanent order CT Page 5192 prohibiting the defendant from interfering with the removal of the unpaid for extras provided that the removal can be accomplished without substantial damage to the defendant's premises.
The defendant has pleaded, as a special defense, the plaintiff's failure to comply with General Statutes 20-2499a) and has filed affidavits in support of his motion for summary judgment.
General Statutes 20-249 provides, in part, as follows:
 (a) No home improvement contract shall be valid or enforceable against the owner unless it; (1) is in writing, (2) is signed by the owner and the contractor, (3) contains the entire agreement between the owner and the contractor, (4) contains the date of the transaction, (5) contains the name and the address of the contractor, (6) contains the notice of the owner's cancellation rights in accordance with the provisions of Chapter 740, (7) contains a starting date and a completion date and (8) is entered into by a registered salesman or registered contractor. Each change in the terms and the conditions of a contract shall be in writing and shall be signed by the owner and contractor."
The defendant has filed an affidavit in support of his motion for summary judgment asserting that he did and now resides on the premises; that the contract contains no starting or completion date; that the contract does not contain the entire agreement between the owner and the contractor; that there was no written notice of cancellation included therewith and no written agreement was entered into for any of the "extras". The defendant also states in his affidavit the title of the premises was never in his name and that the title is in the name of his wife. The defendant does admit however, that he resides in the premises and he is therefore an owner within the limit of General Statutes 20-419 (6).
It is apparent that the contract does not contain "a starting date and completion date" as required by General Statutes 20-249
and it is apparent, from the affidavit that the agreement for extras was not in writing. The existing law with respect to home improvement contracts has recently been stated in Wadia Enterprises, Inc. v. Hirschfeld, 27 Conn. App. 162, 167 (1992) as follows:
 "In a series of related case, our Supreme Court recently held that defective home improvement contracts are unenforceable under almost every imaginable theory. See, Barrett Builders v. Miller, 215 Conn. 316, 576 A.2d 455
(1990) (quasi contract); A. Secondino and Son. Inc. v. Loricco, 215 Conn. 336, 576 A.2d 464 (1990) (quantum meruit CT Page 5193 and unjust enrichment); Liljedahl Bros., Inc. v. Grisby, 215 Conn. 345, 576 A.2d 149 (1990) (Implied Contract). Although the court clearly stated that defective home improvement contracts are invalid and unenforceable as a matter of public policy so as to afford protection to consumers, it also recognized that disallowing all of these invalid contracts `may lead to a harsh result'". Barrett Builders v. Miller, supra, 326. The court stated that the legislature might do well to contemplate the possibility that some unexperienced contractors may encounter unscrupulous homeowners who use the act "as a sword rather than a shield." Id. 328. It is suggested that bad faith on the part of a homeowner might preclude the use of the act as a defense, Id.; see also, A. Secondino and Son v. Loricco, supra, 340."
Under existing law it is clear that the contract between the parties does not comply with the Home Improvement Act and is therefore unenforceable.
With respect to the claim for injunctive relief, the plaintiff asserts that the reliance upon the provisions of General Statutes20-429 (a) is conscionable and unequitable and therefore seeks the assistance of the court in the form of injunctive relief in allowing the plaintiff to remove the extras. The Home Improvement Act was passed for the benefit of the public and it constitutes remedial legislation which must be liberally construed. Barrett Builders v. Miller, 215 Conn. 316, 323 (1990). To permit the plaintiff to obtain the injunctive relief sought would defeat and nullify the statute and would impair the public policy determinations made by the legislature. See, Barrett Builders v. Miller, supra, at 324-325.
Accordingly, the Motion for Summary Judgment is granted.
RUSH, JUDGE