[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff has brought suit against the defendants Elizabeth Coleman and John J. Moranski in which he alleges that they are conservators for Arlie Goodman who on October 3, 1987 contracted with the plaintiff for the installation of a new roof, gutters and leaders on premises owned by Goodman. He claims that although the work was completed he has not been paid. The second count is a quantum meruit claim for the same work as the contract. The facts are that the plaintiff did contract with Goodman for the work and completed it. The contract has printed on it "EBRON'S Construction" and the body of the contract contains E G Construction as the contractor. In fact they are both trade names which the plaintiff uses. The contract signed by the parties has no starting and finishing dates and states that it may not be cancelled and the plaintiff was not registered with the State of Connecticut as a Home Improvement Contractor under Chapter 700 C.G.S. The plaintiff claims he spoke to Attorney Thomas Weihing about payment before CT Page 7291 doing the job and was assured by him that he had Goodman's money and would pay him for the work, a conversation that Attorney Weihing denies. The court does find that such a conversation did in fact not take place. The plaintiff has failed to demonstrate in any legal fashion that Attorney Weihing was acting for Attorney John Moranski, his associate, and Elizabeth Goodman in their capacity as executors for Goodman. Since he never spoke with either one or secured any writing from either one there is no showing that they acted in their capacity as conservators or in their individual capacities as the representatives of Goodman. "here is no evidence to connect them with the contract between Goodman and the plaintiff and they are not liable thereon.
Not only does the evidence hereinbefore stated set out that there was no relationship between the plaintiff and the defendants, but it also establishes that no relationship or contract of any kind was proved by the plaintiff. His evidence was that he spoke with Attorney Weihing which the court found was unproven and there was no evidence to show that Weihing was acting in any capacity for the two defendants. The proof is that the house repaired was owned by Goodman and not by the defendants. Consequently, the second claim for quantum meruit must fail. They received no benefits from the plaintiff's performance.
The court finds that the house on which the improvements were performed complies with the definition of "private residence" under 20-419 (8) of the Home Improvement Act since Goodman and other families were residing therein. The contract provided that it could not be cancelled although it is required to provide for three days for cancellation, and it has no starting or completion date. These facts therefore make this contract illegal and unenforceable. In addition thereto there is no evidence to show that the defendants personally or as conservators of Goodman had any dealings with the plaintiff in fact they never spoke or dealt with him and there is no showing that Attorney Weihing was acting for either one or both. The plaintiff admitted on trial that he did not have a registered home improvement contractor's license which is required by statute. The plaintiff is unable to recover on the first count which alleges a contract. In addition he is unable to recover on the second count which claims a quantum meruit judgment. The Supreme Court has held, ". . . absent proof of bad faith on the part of a homeowner 20-429 permits no recovery in quasi contract by a contractor who has failed to comply with the statute's written contract requirement." A. Secondino Son, Inc. v. LoRicco, 215 Conn. 336. See Barrett Builders v. Miller,215 Conn. 316. The court concludes that the plaintiff cannot recover on counts one and two of his complaint. See 20-420 et CT Page 7292 seq. C.G.S.
The plaintiff next raise; the issue that the defendants acted in bad faith, a claim which he has not included in his pleadings and which would warrant the court in not considering such a claim, however this court will consider the issue. "In a series of related cases, our Supreme Court recently held that defective home improvement contracts are unenforceable under almost every imaginable theory of recovery. See Barrett Builders v. Miller, 215 Conn. 316, 576 A.2d 455 (1990) (quasi contract); A. Secondino Son, Inc. v. LoRicco, 215 Conn. 336,576 A.2d 464 (1990) (quantum meruit and unjust enrichment); Liljedahl Bros., Inc. v. Grigsby, 215 Conn. 345, 576 A.2d 149
(1990) (implied contract). Although the court clearly stated that defective home improvement contracts are invalid and unenforceable as a matter of public policy so as to afford protection to consumers, it also recognized that disallowing all of these invalid contracts "may lead to a harsh result." Barrett Builders v. Miller, supra, 326. The court stated that the legislature might do well to contemplate the possibility that some inexperienced contractors may encounter unscrupulous homeowners who use the Act "as a sword rather than as a shield." Id., 328.[1] It suggested that bad faith on the part of a homeowner might preclude use of the Act as a defense. Id.; see also A. Secondino Son v. LoRicco, supra, 340." Wadia Enterprises, Inc. v. Hirschfeld, 27 Conn. App. 162, 167. To repeat there is no evidence of any dealings by the defendants with the plaintiff and there is therefore no basis for a finding of bad faith. Even if Goodman was a party to this suit there is no evidence to show that he acted in bad faith or that Attorney Weihing had he been acting for Goodman and he wasn't, acted in bad faith. In addition it is questionable as to whether a claim of bad faith can be legally made since the cases indicate that bad faith is for the legislature to consider since no statute exists which includes such bad faith. The plaintiff's claim of bad faith does not avail him.
The last issue is raised by the defendants who in their counterclaim allege unfair and deceptive trade practices in violation of 42-110b C.G.S. Section 20-427 (b) C.G.S. states in part ". . . a violation of any of the provisions of this chapter shall be deemed an unfair and deceptive trade practice under subsection (a) of section 42-110b." The court previously has found a violation of the "Home Improvement Contractors Act" and it follows therefore that unfair or deceptive acts or practices were committed for which the defendant would be entitled to recover monetary damages, punitive damages and attorney's fees. The rule is that a second threshold requirement for CUTPA recovery is proof of damage. "The defendant has failed to present any damages arising from the alleged [CUTPA] CT Page 7293 violations, . . . While CUTPA damages need not be proven with absolute precision the failure to present any evidence concerning the nature and extent of injury sustained preclude recovery under the statute." A. Secondino Son, Inc. v. LoRicco, supra 344. No evidence has been presented with respect to damages sustained, what the punitive damages amount to or what the attorney's fees are. Without such evidence the court cannot find monetary damages or attorney's fees. It does award punitive damages in the amount of $1.00.
The defendants have raised the issue of Goodman's incompetence, however, while it played no part in the foregoing decision it should be made clear that this court does not find him incompetent at the time of the contract. No evidence exists which demonstrated his incompetence until after the contract was signed when conservators were appointed. The evidence prior to that time does not show by a preponderance of the evidence that he was incompetent.
Judgment may enter on counts one and two of the complaint for the defendants. Judgment may enter on the counterclaim for the defendants in the sum of $1.00 together with costs of the action.
IRVING LEVINE STATE TRIAL REFEREE