[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
On September 16, 1991, the plaintiff, Mechanics and Farmers Savings Bank, filed a motion to substitute the Federal Deposit Insurance Corporation ("FDIC") as party plaintiff, alleging that FDIC had been appointed receiver of the plaintiff pursuant to an order dated August 9, 1991, after the plaintiff became insolvent. This motion was granted, and the reference to "plaintiff" in this memorandum of decision means FDIC.
The complaint alleges that the defendants, Ronald and Carole Smith, owe the plaintiff $42,000.00, plus interest, pursuant to a promissory note executed by the defendants on June 30, 1986.
The plaintiff filed the present motion for summary judgment (#120) claiming that no genuine issue of material fact exists in this case. The defendants have failed to file either an affidavit in opposition to this motion or a memorandum in opposition. At oral argument they did contend that questions of material fact exist concerning the intent of the parties and the present liability of the defendants on the promissory note. Also, the defendants filed an answer and special defense, pleading therein that "the plaintiff released the defendant[s] from liability on the June 30, 1986 note, as is evidenced by the fact that the subject note was marked "paid" on August 29, 1986."
Any party may move for summary judgment once the pleadings are closed. Practice Book 379. "The judgment sought shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Practice Book 384. A motion shall be supported by "affidavits, certified transcripts of testimony under oath, disclosures, written admissions and the like." Practice Book 380. "The adverse party . . . shall file opposing affidavits and other available documentary evidence." Id.
"The party seeking summary judgment bears the burden of showing the nonexistence of any material fact," and the evidence must be viewed in the light most favorable to the nonmovant. Cummings Lockwood v. Gray, 26 Conn. App. 293, 297, CT Page 7652600 A.2d 1040 (1991).
In the present case the plaintiff provides the affidavit of Julie Smith, an employee of Consolidated Asset Recovery Corporation, an agent of the plaintiff, to support its contention that no genuine issue of material fact exists as to the present liability of the defendants. The affidavit states that on August 29, 1986,
 the plaintiff by mistake returned the promissory note to the defendants marked "paid by renewal" . . . [but] the defendants continued to make payment to the Bank [plaintiff], and are presently indebted to the FDIC in the amount of $42,000.00 principal, $8,147.92 interest, $3,000.00 late fees . . . and other expenses.
The affiant further attests that "I have examined the [plaintiff's] books and records in the possession of the FDIC, and have determined that the note evidenced a loan made by the [plaintiff] to the defendants in the amount [stated herein]."
The defendants have concededly filed a special defense contesting liability, alleging that the note marked "paid by renewal" released the defendants from liability on the note, and they argued at short calendar that a genuine issue of material fact exists concerning the intent of the plaintiff when it returned the note to the defendants marked "paid by renewal."
The essentials for opposing a motion for summary judgment were recently set forth in Wadia Enterprises, Inc. v. Hirschfeld, 27 Conn. App. 162, 604 A.2d 1339 (1992), as follows: (i) the party opposing summary judgment must substantiate its claim to the contrary by showing that there is a genuine issue of material fact, and must disclose the evidence establishing the existence of such an issue, Id., 166 (ii) "[m]ere statements of legal conclusions . . . and bald assertions, without more, are insufficient to raise a genuine issue of material fact capable of defeating summary judgment." Id., 170; (iii) "[I]t is not enough that one opposing a motion for a summary judgment claims that there is a genuine issue of material fact; some evidence showing the existence of such an issue must be presented in the counter affidavit . . . [i]t is not enough . . . merely to assert the existence of such a disputed issue . . . [instead] the genuine issue aspect requires the party to bring forward before trial evidentiary facts, or substantial evidence outside of the pleadings, from which the material facts alleged in the pleadings can warrantably be inferred . . . [m]ere statements of legal conclusions or that an issue of fact does exist are not CT Page 7653 sufficient to raise the issue;" Id., 168-69; and (iv) a claim that summary judgment is not appropriate because "intent" is involved "does not relieve [the nonmovant] from presenting a requisite factual predicate for its claim . . ." Id., 169.
In this case, the defendants have failed to submit any affidavit or memorandum of law sufficient to defeat the plaintiff's motion for summary judgment, undoubtedly because they cannot claim in good faith that they either paid the note in question, or signed a renewal note extinguishing their liability with respect to the note in question. The propriety or good faith of their special defense which in effect claims payment of this note is not an issue at this time, only whether the plaintiff is entitled to summary judgment. Based on plaintiff's affidavit and the failure of the defendants to submit evidence showing the existence of a genuine issue of material fact, the plaintiff's motion for summary judgment is granted.
So Ordered.
Dated at Bridgeport, Connecticut this 13th day of August, 1992
William B. Lewis, Judge