[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff instituted the present action seeking to foreclose a mechanic's lien filed on certain property owned by the defendant, the Five Twenty-One Corporation ("521"). The property is located on Round Hill Road in Greenwich and constitutes the residence of Mr. and Mrs. Helmsley. The plaintiff claims that there is a balance due under an agreement, in the amount of $67,206.00, for improvements made to the property. The defendant claims that the work was improperly performed and that the plaintiff is not entitled to enforce the agreement because of the plaintiff's failure to comply with the provisions of the Home Improvement Act, General Statutes 20-418 et seq. ("HIA").
In April of 1991, Helmsley-Spear Inc. ("HSI") acting within the scope of its authority as an agent for 521, requested bids for CT Page 9550 certain paving and related work to be performed on the Round Hill Road property. The bidding process was conducted in a manner consistent with commercial projects and involved the paving of approximately 50,000 square feet of driveway area. The plaintiff is one of the largest commercial paving contractors in the state, and submitted a bid after being informed of the bidding process by a competitor. The requirements of the work involved the application of municipal or state specifications and the only contractors who would have the equipment necessary to perform the magnitude of the work involved would be commercial contractors. HSI returned the bid to the plaintiff signed by Mr. Riso, vice president of engineering of HSI. The agreement was never signed by the plaintiff. A payment covering certain materials was made by 521 and the plaintiff performed the work required under the agreement signed by Mr. Riso.
Upon the completion of the work, a representative of the plaintiff and Mr. Riso inspected the job site and the work was deemed by both to be satisfactory, except for a couple of small items such as a broken brick, which was corrected. The plaintiff then received a letter from the office of the General Counsel of Helmsley Enterprises asserting that deficiencies existed in the work. A representative of the plaintiff met with Mr. Riso and performed certain tests, such as a water test, and the job was again deemed satisfactory. Eventually, the defendant retained an expert who likewise deemed the job to be satisfactory. The representatives of the defendant continued to make unjustified assertions with respect to claimed deficiencies in the work and the plaintiff was never paid the balance due in the amount of $67,206.00.
Following the filing of a mechanic's lien on behalf of the plaintiff, the plaintiff received a letter from the vice president of 521 asserting that the agreement and mechanic's lien were invalid due to the failure of the plaintiff to comply with the HIA.
The parties have stipulated that the plaintiff is not registered as required by the HIA and that the agreement of the parties is not signed by or on behalf of the plaintiff. It is also apparent that the agreement does not comply with the requirements of the HIA. The vast majority of the plaintiff's work involves commercial projects and residential projects are undertaken by the plaintiff only on a sporadic and occasional basis. Accordingly, the plaintiff was unaware of the necessity of registering under the HIA or of the contractual requirements imposed by the Act. CT Page 9551
The court finds that the work performed by the plaintiff complied fully, and in all respects, with the undertaking between the parties and that the assertions made by the defendant with respect to the deficiencies in the work and materials were unfounded and unjustified. The court further finds that the defendant has sustained no damages as a result of the claims made in its counter-claim and accordingly, the court finds in favor of the plaintiff on the defendant's counter-claim.
Our Supreme Court, on numerous occasions, has declined to provide any relief, albeit with a divided court, to a contractor performing services under a defective Home Improvement Contract. The law has recently been summarized in Wadia Enterprises, Inc. v. Hirschfeld, 27 Conn. App. 162, 167 (1992) as follows:
 "In a series of related cases, our Supreme Court recently held that defective home improvement contracts are unenforceable under almost every imaginable theory of recovery. See, Barrett Buildings v. Miller, 215 Conn. 316, 576 A.2d 455 (1990) (quasi contract); A. Secondino Son. Inc. v. LoRicco, 215 Conn. 336, 576 A.2d 464 (1990) (quantum meruit and unjust enrichment); Liljedahl Bros., Inc. v. Grigsby, 215 Conn. 345, 576 A.2d 149 (1990) (implied contract). Although the court clearly stated defective home improvement contracts are invalid and unenforceable as a matter of public policy so as to afford protection to consumers, it also recognized that disallowing all of these invalid contracts `may lead to a harsh result.' Barrett Builders v. Miller, supra, 326. The court stated that the legislature might do well to contemplate the possibility that some inexperienced contractors may encounter unscrupulous home owners who use the Act `as a sword rather than a shield.' Id.; 328. It is suggested that bad faith on the part of the homeowner might preclude the use of the Act as a defense. Id.; See, also A. Secondino Sons. Inc. v. LoRicco, supra, 340."
The Wadia court then proceeded to define "bad faith" as "an indefinite term that contemplates a state of mind affirmatively operating with some design or motive of interest or ill will" and noted that a good faith performance of a contract "emphasises faithfulness to an agreed upon common purpose and consistency with justified expectations of the other party.'" Wadia Enterprises v. Hirschfeld, supra, at 169.
CT Page 9552 In the present case, the plaintiff satisfactorily performed the work required of it under the agreement. While the plaintiff specialized in commercial projects and the bidding process was conducted in accordance with commercial practice, the fact remains that the work constituted an improvement to a residence under the HIA. The plaintiff was not a registered contractor under the Home Improvement Act and the agreement does not comply with the requirements of the act. In compliance with the decisions of our Supreme Court, the court has no choice but to declare the agreement under which the work was performed is invalid and unenforceable.
The issue remains, however, as to whether the conduct of the defendant amounts to bad faith which precludes reliance upon the HIA as a defense to the action. Prior to the time the present plaintiff agreed to perform the work, 521 attempted, unsuccessfully, to utilize noncompliance with the Home Improvement Act as a defense to an action brought by another contractor who had performed maintenance services with respect to the same Round Hill property involved in the present case. See J. Kerslake Sons v. 521 Corporation et al, CV890102945S (Stamford Superior Court). Mr. Riso denied knowledge of the HIA and its requirements and such a denial cannot be utilized to establish that he, as an individual, was aware of the effect of non-compliance with the provisions of the statute. However, the prior utilization by the corporate defendant of the effect of non-compliance with the HIA establishes at least corporate knowledge. As such, the defendant accepted performance of the services of the plaintiff under the paving contract at a time when it was chargeable with knowledge that it could, at its option, decline to pay for such services. The court views the defendant's unjustified and unfounded claims of deficient performance of the agreement as simply a course of conduct designed to avoid paying for the benefits it received. Accordingly, the court finds that the conduct of the defendant precludes reliance upon the HIA as a defense to the action.
The court therefore finds that the plaintiff is entitled to recover of the defendant the sum of $67,206.00 plus interest at the rate of 10% a year from August 7, 1991 to the date of judgment pursuant to the provision of General Statutes 37-3a. The court also finds that plaintiff is entitled to a judgment of foreclosure of the mechanic's lien and that the plaintiff is also entitled to attorney's fees pursuant to General Statutes 52-49.
The parties have stipulated that, in the event the court determined that attorney's fees are recoverable, a supplemental CT Page 9553 proceeding will be held to determine the amount of such fees. Accordingly, the parties will be contacted by the clerk's office for the purpose of scheduling of such a supplemental proceeding. The court further directs that no final judgment shall enter pending a decision of the court with respect to the amount of attorney's fees that are to be awarded.
RUSH, J.