[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
A summary judgment may enter as to liability only in favor of the plaintiff, Gary L. Corbett, and against defendant Frank Perez, as there is no genuine issue as to said defendant's liability.
The plaintiff's affidavit in support of summary judgment states that on August 22, 1986, he was a passenger in a truck which was struck by an automobile operated by the defendant Perez. The affidavit also indicates that: "the defendant's vehicle wrecklessly (sic) crossed over traffic lanes ramming another vehicle before colliding into the front left side of our vehicle in the right hand lane of I-95 in Greenwich." Attached to the moving papers are properly certified copies of the police report indicating that Perez was charged with reckless driving in violation of General Statutes 14-222, and that subsequently he was found guilty of said charge on October 16, 1986.
The police report further indicates that Perez "offered no explanation of how accident occurred other than he lost control. . . A witness confirmed actions of Veh #1 (Perez) continously (sic) striking Veh #2 (Tonina) before striking Veh #3 (the plaintiff) at a high rate of speed. Based on physical evidence, witness statements, and operators statements, cause of accident was Oper #1 (Perez) erractic (sic) operation of Veh #1 CT Page 1998 at a fast rate of speed in which Oper #1 (Perez) lost control."
The defendant Perez did not file any special defenses nor an affidavit in opposition to the motion for summary judgment. An affidavit executed by his attorney was filed stating that Perez "will assert that he was execrizing (sic) due care in the operation of his motor vehicle under the circumstances then and there existing at the time of the accident and that the accident was not proximately caused by any negligence on his part."
The criteria for the granting of a summary judgment were set forth by the Appellate Court in Cummings Lockwood v. Gray, 26 Conn. App. 293,296-297, 600 A.2d 1040 (1991): (i) such a judgment may be granted if there is no genuine issue as to any material fact; (ii) a material fact is one that will make a difference in the outcome of the case; (iii) the moving party has the burden of proving the nonexistence of any material fact; (iv) the evidence must be viewed in the light most favorable to the nonmovant; and (v) the test is whether the moving party would be entitled to a directed verdict on the same facts.
Wadia Enterprises, Inc. v. Hirschfeld, 27 Conn. App. 162, 166, 168-70,604 A.2d 1339 (1992), summarizes the obligations of the nonmovant: (i) the party opposing summary judgment must substantiate its claim to the contrary by showing that there is a genuine issue of material fact, and must disclose the evidence establishing the existence of such an issue; (ii) "[m]ere statements of legal conclusions . . . and bald assertions, without more, are insufficient to raise a genuine issue of material fact capable of defeating summary judgment;" (iii) "[i]t is not enough that one opposing a motion for a summary judgment claims that there is a genuine issue of material fact; some evidence showing the existence of such an issue must be presented in the counter affidavit;" (iv) "[i]t is not enough. . . merely to assert the existence of such a disputed issue . . . [instead] the genuine issue aspect requires the party to bring forward before trial evidentiary facts, or substantial evidence outside of the pleadings, from which the material facts alleged in the pleadings can warrantably be inferred;" and (v) "[m]ere statements of legal conclusions or that an issue of fact does exist are not sufficient to raise the issue." (internal citations and quotation marks omitted.)
Thus, our task in deciding this motion is not to evaluate the merits of a particular issue, but only to decide whether there exists any genuine issue of material fact. In this regard it should be noted that "[t]he mere presence of an alleged adverse claim is not sufficient to defeat a motion for summary judgment." Farrell v. Farrell, 182 Conn. 34, 39, 438 A.2d 415
(1980). Rather, the opposing party must "recite specific facts . . . which contradict those stated in the [movant's] affidavits and documents." Id., CT Page 1999 39-40.
Summary judgment in favor of the plaintiff is warranted in this case, I believe, because the defendant Perez did not refute the facts contained in the affidavit submitted by plaintiff. "Mere statements of legal conclusions . . . and bald assertions without more, are insufficient to raise a genuine issue of material fact capable of defeating summary judgment." Wadia Enterprises, Inc., supra, 170. This is particularly true in this case where the only affidavit in opposition to summary judgment is executed by Perez's counsel, not himself. As stated in Wadia Enterprises, Inc., supra, 168, "some evidence showing the existence of such an issue (a genuine issue of material fact) must be presented in the counter affidavit." This kind of evidence is lacking in the present case, and thus plaintiff's motion for summary judgment against Perez as to liability is granted.
So Ordered.
Dated at Stamford, Connecticut, this 24th day of February, 1993.
William B. Lewis, Judge