[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an action by the plaintiff, The Hadley Group, Inc. (Hadley), a Connecticut corporation involved in the consumer response promotional business, with its principal office in Stamford, seeking both injunctive CT Page 4468 relief and monetary and punitive damages against its former employee, the defendant Steven A. Lee. Plaintiff claims Lee signed a contract dated January 25, 1988 agreeing that if he left Hadley's employ, he would not, for a period of five years thereafter, solicit or render services to any client of Hadley or to any one "actively being pursued" by Hadley at the time employment ceased. The contract further provided, according to plaintiff, that if Lee breached this agreement, he would pay plaintiff 50% of the gross revenues he received from any such person or entity. The complaint further alleges that this contract was for one year, until December 31, 1988, and that it "was orally renewed on an annual basis" and was in existence in December of 1991, when defendant's employment was terminated. Plaintiff contends that defendant after leaving its employ actively solicited Dribeck Importers, Inc. (Dribeck), knowing it was a client of plaintiff, and that Lee refused to pay plaintiff 50% of the gross revenues he had received from Dribeck.
The first count of the two count complaint seeks an injunction enjoining Lee from soliciting former clients, and also claims money damages based on the 50% provision. The second count claims the defendant's conduct constitutes a violation of General Statutes 42-110a et seq., the Connecticut Unfair Trade Practices Act (CUTPA). The defendant Lee filed an answer generally denying the allegations of the complaint, except he agreed that he was working on the Dribeck account and that he knew Dribeck was a client of Hadley's, but that his services for Dribeck were not in violation of any contract.
Defendant has now moved for summary judgment (#108), claiming that there are no genuine issues of material fact, and that he is entitled to judgment as a matter of law. Practice Book 384. "Summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Connecticut Bank Trust Co. v. Carriage Lane Associates, 219 Conn. 772, 780-81, 595 A.2d 334 (1991).
The criteria for the granting of a summary judgment were also set forth by the Appellate Court in Cummings Lockwood v. Gray, 26 Conn. App. 293,296-297, 600 A.2d 1040 (1991): (1) such a judgment may be granted if there is no genuine issue as to any material fact; (2) a material fact is one that will make a difference in the outcome of the case; (3) the moving party has the burden of proving the nonexistence of any material fact; (4) the evidence must be viewed in the light most favorable to the nonmovant; and (5) the test is whether the moving party would be entitled to a directed verdict on the same facts. Thus, our task in deciding this motion is not to evaluate the merits of a particular issue, but only to decide whether there exists any genuine issue of material fact. CT Page 4469
In support of his motion for summary judgment, the defendant Lee has submitted his own affidavit which makes the following claims: (1) his employment contract was not with the plaintiff, but rather was with another entity, The Hadley Group, Inc. of Wisconsin (Hadley — Wisc.); (2) his relationship with Hadley — Wisc. ended in September, 1988 when he surrendered his 5% stock interest in that company, and/or on December 31, 1988, as there was no provision for renewal in the contract; (3) the agreement attached to plaintiff's revised complaint does not prohibit the defendant from soliciting business from former and prospective clients of Hadley as alleged;[1] (4) he did not enter into any employment agreement with Hadley, but even if there had been such an agreement with this plaintiff, it was never renewed; and (5) his agreement with Hadley-Wisc. in January, 1988 preceded the incorporation of Hadley in Connecticut in September, 1988, and hence he has no obligation to this plaintiff.
Wadia Enterprises. Inc. v. Hirschfeld, 27 Conn. App. 162, 166,604 A.2d 1339 (1992), summarizes the obligations of the nonmovant: (1) "the party opposing [summary judgment] must substantiate its adverse claim by showing that there is a genuine issue of material fact together with the evidence disclosing the existence of such an issue." Id., 166; (2) "[m]ere statements of legal conclusions. . .and bald assertions, without more, are insufficient to raise a genuine issue of material fact capable of defeating summary judgment." Id., 170; (3) "[i]t is not enough. . .merely to assert the existence of such a disputed issue. . . [instead] the genuine issue aspect requires the party to bring forward before trial evidentiary facts, or substantial evidence outside of the pleadings, from which the material facts alleged in the pleadings can warrantably be inferred." Id., 168-69; and (4) "[m]ere statements of legal conclusions or that an issue of fact does exist are not sufficient to raise the issue." Id., 169. (Internal citations and quotation marks omitted; emphasis in original.)
In response to defendant's motion for summary judgment the plaintiff filed an affidavit by Victor F. Imbimbo, president of Hadley, which contends that: (1) Hadley was first incorporated in Wisconsin in 1984, but is no longer an active Wisconsin inferences that can be drawn." Catz v. Rubenstein, 201 Conn. 39, 49, 513 A.2d 98 (1986).
The affidavits and supporting documents filed by the parties clearly suggest that a summary judgment is not appropriate in this case because there are several genuine issues of material fact that remain unresolved. The parties disagree, for example, on such issues as whether an employment agreement was actually in existence in December, 1991, when the defendant left Hadley's employ; whether there was an oral non-compete clause, despite CT Page 4470 the absence of a written one; and the effect the fact that the employment agreement was entered into with Hadley-Wisc. prior to the time that this plaintiff was incorporated in Connecticut.
When one considers that the movant has the burden of proof, that the evidence must be viewed in the light most favorable to the nonmovant, and that the latter is given the benefit of all favorable inferences that can be drawn, the defendant's motion for summary judgment must be and hereby is denied for the reasons stated.
So Ordered.
Dated at Stamford, Connecticut, this 6th day of May, 1993.
William B. Lewis, Judge