[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This case involves a suit by the plaintiff, Patricia S. Roos, against her former employer, the defendant Ally Gargano, Inc. Plaintiff seeks monetary damages for physical injuries and loss of income allegedly incurred as a result of her forced resignation from defendant's employ due to working conditions detrimental to her health. Her revised complaint claims that: (1) her former employer had more than twenty employees; (2) she is an asthmatic and had complained to the defendant about the great amount of smoking occurring in the workplace; (3) the defendant promised to make some improvements, but never did so; and (4) the defendant violated General Statutes 31-40q, which requires an employer to provide nonsmoking areas. The defendant filed a special defense claiming that the suit was barred by General Statutes 31-284(a), which provides that workers' compensation is the exclusive remedy for an employee seeking compensation from his employer for work related injuries.
The defendant has filed a motion for summary judgment (#107) based on this same statute. The motion was accompanied by an affidavit from a vice president and comptroller of the defendant who stated that Roos had resigned because the smoke in the workplace was making her ill. The affiant also stated that there "was never any intent" on the part of the defendant to "injure" the plaintiff or "cause her any harm."
In opposing summary judgment, the plaintiff submitted her own affidavit which makes the following points: (1) she made many complaints about smoking conditions and requested that a nonsmoking area be created; (2) the employer refused to do so, claiming that "it would cut productivity"; and (3) she "believe[s]" that the failure of the defendant to provide a nonsmoking area was "intentional" and that the employer "intended the consequences which would flow from the polluted environment."
Pursuant to Practice Book 384, summary judgment "shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment CT Page 7532 as a matter of law." Connecticut Bank Trust Co. v. Carriage Lane Associates, 219 Conn. 772, 780-81, 595 A.2d 334 (1991). The criteria for the granting of a summary judgment were also set forth by the Appellate Court in Cummings Lockwood v. Gray,26 Conn. App. 293, 296-97, 600 A.2d 1040 (1991): (1) such a judgment may be granted if there is no genuine issue as to any material fact; (2) a material fact is one that will make a difference in the outcome of the case; (3) the moving party has the burden of proving the nonexistence of any material fact; (4) the evidence must be viewed in the light most favorable to the nonmoving party; and (5) the test is whether the moving party would be entitled to a directed verdict on the same facts.
Wadia Enterprises. Inc. v. Hirschfeld, 27 Conn. App. 162,166, 604 A.2d 1339 (1992), summarizes the obligations of the nonmovant in responding to a motion for summary judgment: (1) "the party opposing [summary judgment] must substantiate its adverse claim by showing that there is a genuine issue of material fact together with the evidence disclosing the existence of such an issue." Id., 166; (2) "[m]ere statements of legal conclusions . . . and bald assertions, without more, are insufficient to raise a genuine issue of material fact capable of defeating summary judgment." Id., 170; (3) "[i]t is not enough . . . merely to assert the existence of such a disputed issue . . . [instead] the genuine issue aspect requires the party to bring forward before trial evidentiary facts, or substantial evidence outside of the pleadings, from which the material facts alleged in the pleadings can warrantably be inferred." Id., 168-69; and (4) "[m]ere statements of legal conclusions or that an issue of fact does exist are not sufficient to raise the issue." Id., 169. (Internal citations and quotation marks omitted; emphasis in original.)
The plaintiff attempts to avoid the exclusivity provisions of the workers' compensation statute by relying on the exception thereto carved out by such cases as Mingachos v. CBS. Inc.,196 Conn. 91, 491 A.2d 368 (1985) and Quimby v. Kimberly Clark Corporation, 28 Conn. App. 660, 613 A.2d 838 (1992). Quimby indicates that "intentional misconduct" on the part of the employer is an exception to the exclusivity rule[1]. However, the intentional act ". . . must have been designed to cause the injury that resulted. . . ." Id., 667. Quoting 1 Restatement (Second) Torts 8A (1965), the court held that: "[t]he word intent . . . denote[s] that the actor desires to cause [the] consequences of his act, or that he believes that the CT Page 7533 consequences are substantially certain to follow from it." (Internal quotation marks omitted.) Thus the complaint must allege that the defendant "desired to cause the consequences of its actions or that these consequences were substantially certain to follow." Id., 668. In this case, the plaintiff did not even assert in her complaint that the employer intended to cause her harm, but even if she had, Quimby points out that "the use of the word intent in allegations is not a talisman that can change the allegations into colorable claims of true intentional torts." (Internal quotation marks omitted.)
Mingachos holds that violations of Occupational Safety and Health Administration Act (OSHA) regulations, even if alleged to have been performed intentionally, wilfully or recklessly do not constitute exceptions to the exclusivity provisions of the Workers' Compensation Act. Id., 100. It follows that if violations of OSHA regulations are not an exception to the exclusivity rule, an alleged violation of General Statutes 31-40q
would likewise not constitute an exception.
Furthermore, the plaintiff's argument that the adoption of31-40q effectively repeals the exclusivity portion of the Workers' Compensation Act is incorrect in the court's opinion. Not only is there an absence of language to that effect, but also31-40t explicitly provides a remedy for employees who believe that a violation of the statute regarding smoking in the workplace has occurred. Such employees are authorized to file a written complaint with the labor commissioner, who may investigate and, if necessary, hold a hearing to "resolve all issues relating to any dispute arising under the provisions of this section." General Statutes 31-40t(d).
Because I believe that there are not any genuine issues of material fact in this case, summary judgment in favor of the defendant is granted on the basis that an alleged violation by the employer of the statute concerning smoking in the workplace does not constitute an exception to the exclusivity provision of the Workers' Compensation Act.
So Ordered.
Dated at Stamford, Connecticut on this 19th day of August, 1993.
William B. Lewis, CT Page 7534 Judge