[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM RE: SUMMARY JUDGMENT
This action arises out of a complaint that the plaintiff, Dale Lawrence, while descending a stairway of a Baha Cruiser owned by the defendant, Suburban Marine, Inc., and under its care, custody and control, slipped and fell because of a plastic covering over said stairway. This motion for summary judgment is brought by the defendant, National Marine Manufacturer's Association, alleged by the plaintiff to have organized, managed and operated a boat show at which the Baha Cruiser was being displayed. Negligence is being alleged against National Marine Manufacturer's Association on the grounds that
1. It allowed the Boat Show to continue in unfavorable weather conditions.
2. It failed to require that certain materials be used by entities displaying products for sale to prevent injury to members of the public such as the plaintiff.
3. It failed to warn the public of the use of materials or conditions that could cause injury. CT Page 7907
4. It failed to inspect the boats on display and see that such were safe for boarding.
National Marine has filed an affidavit alleging that it had nothing to do with the display of the boat in question and did not exercise any control over the area of the alleged fall, nor did it manufacture, sell, display or equip said boat.
No other defendant has filed an affidavit.
Testimony in a deposition of the plaintiff dated March 11, 1991, revealed that in her opinion she was caused to fall because she was wearing wet rubber soled boots which afforded no traction on the plastic covering. In a request for admissions dated July 24, 1991, Suburban Marine, Inc. admitted the care, custody and control of the boat in question and that it installed the plastic covering to which the plaintiff attributed her fall.
The plaintiff and Suburban Marine, Inc. argue that National Marine Manufacturer's Association failed to obtain the court's permission to file this motion for summary judgment in accordance with P.B. 379. This motion had been on the short calendar for several weeks and for some reason had not been heard. In addition, this court feels that P.B. 379 is complied with if this court is not averse to considering it when requested.
The opposing parties to this motion have not shown that there is a genuine issue of material fact together with evidence disclosing the existence of such an issue. Wadia Enterprises, Inc. v. Hirschfield, 27 Conn. App. 162, 166.
Summary Judgment may enter in favor of National Marine Manufacturer's Association.
BELINKIE, J. JUDGE TRIAL REFEREE