[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiffs, David A. Lanyon, Rodney H. Lanyon, and the estate of Frederic S. Lanyon, deceased, have moved (#112) for summary judgment against the defendants, Food Store Equipment Corporation, now known as H. B. Lanyon Sons, Inc. (Food Store), and William Waldorf and Barbara C. Waldorf. The plaintiffs have brought a two count complaint against the defendants. In the first count of their complaint, the plaintiffs allege that Food Store, acting by William Waldorf, its president, executed a promissory note dated July 25, 1985, payable to the plaintiffs in the original principal amount of approximately $684,154, and that the Waldorfs personally guaranteed the payment of this note. The note was part of a purchase and sale agreement dated July 3, 1985, between the plaintiffs, as the sellers of a restaurant equipment and supply business, and the defendant Food Store as the purchaser, in which Food Store purchased the assets of the plaintiffs' business. The plaintiffs further allege that this promissory note has been in default since late 1990, and that about $553,000 is due thereon, plus interest for a total of approximately $709,000. In the second count of the complaint, the plaintiffs allege that in 1987 they brought a suit against Food Store which, by that time, had changed its corporate name to H. B. Lanyon Sons, Inc. (H. B. Lanyon). The plaintiffs further contend that the 1987 suit was settled by way of a stipulation dated August 13, 1988, pursuant to which judgment subsequently entered. According to the plaintiffs, the stipulation and judgment provided that all disputes regarding the purchase and sale agreement, and an accompanying employment agreement dated CT Page 12294 July 25, 1985, were deemed settled and withdrawn. The payment schedule of the underlying promissory note was recast, William Waldorf was released from any personal liability, and Food Store agreed to pay the plaintiffs an additional $35,000 in a series of installment payments. In count two, the plaintiffs seek to enforce the stipulated judgment.
The defendants admitted the execution and the guarantee of the note, and the stipulation settling the 1987 action, but they also asserted three special defenses to the complaint. In the first special defense, the defendants allege false representations by the plaintiffs concerning the profitability and sales of the business they purchased from the plaintiffs. In the second special defense, the defendants contend that after they purchased the business, the plaintiffs refused to cooperate with them as promised, and were disruptive and insubordinate. A third special defense filed by the defendants was addressed to the second count of the complaint and alleged that the defendants executed the stipulation of settlement under duress.
The plaintiffs' motion for summary judgment contends that there is no genuine issue of material fact relating to the execution by Food Store of the promissory note dated July 25, 1985, and the guarantee thereof by the Waldorfs, and that the defendants executed a stipulation in 1988 settling all the disputes between them arising out of the sale of the business purchased by the defendants. "[S]ummary judgment shall be rendered forthwith if the pleadings, affidavits, and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Wadia Enterprises v. Hirschfeld, 224 Conn. 240,247, 618 A.2d 506 (1992). See Practice Book §§ 384, 381. A material fact is one that will make a difference in the result of a case. Hammer v. Lumberman's Mutual Casualty Co., 214 Conn. 573,578, 573 A.2d 699 (1990). "`The test is whether a party would be entitled to a directed verdict on the same facts.'" Id., quoting State v. Groggin, 208 Conn. 606, 616, 546 A.2d 250
(1988). The moving party in a summary judgment motion "has the burden of showing the absence of any genuine issue as to all the material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law." (Citations and internal quotation marks omitted.) Suarez v. DickmontPlastics Corp. , 229 Conn. 99, 105, 639 A.2d 507 (1994). In deciding such a motion, the court must view the evidence in the light most favorable to the nonmoving party. Connecticut Bank CT Page 12295Trust Co. v. Carriage Lane Associates, 219 Conn. 772, 781,595 A.2d 334 (1991). "`In ruling on a motion for summary judgment, the trial court's function is not to decide issues of material fact, but rather to decide whether any such issues exist.'"Dolnack v. Metro-North Commuter Railroad Co., 33 Conn. App. 832,838, 639 A.2d 530 (1994).
In support of their motion for summary judgment, the plaintiffs have included an affidavit executed by each of the three plaintiffs, David A. Lanyon, Rodney H. Lanyon, and Margaret N. Lanyon, the executrix of the estate of her deceased husband, Frederic S. Lanyon. This affidavit indicates: (1) that as part of the consideration for the sale of their business, the plaintiffs received a promissory note from Food Store as maker for $684,154, which was dated July 25, 1985, and that this note went into default in November, 1990;[1] (2) that said note was guaranteed by both William and Barbara Waldorf; (3) that the plaintiffs as the seller and the defendant Food Store as purchaser executed a purchase and sale agreement dated July 3, 1985, which provided, among other things, that defendants' accountant would examine all the books and records of the plaintiffs' business before the closing, and that the plaintiffs would work for the defendants as sales representatives and installers of equipment for two years, until July 25, 1987, pursuant to an employment agreement dated July 25, 1985; (4) that disputes concerning both the purchase and sale and the employment agreement arose between the parties and were the subject of a law suit brought by these plaintiffs against the defendants, which was ultimately settled pursuant to a written stipulation dated April 18, 1988, and executed after plaintiffs' obligation for employment by defendants had already terminated in July, 1987;[2] (5) that said stipulation released the plaintiffs from all liability and claims regarding "the execution, interpretation and accounting" of the purchase and sale and employment agreements;[3] and (6) that pursuant to said stipulation, the defendants agreed to pay the plaintiffs an additional $35,000, but that a balance of approximately $31,000 remained owing to the plaintiffs.
A party opposing summary judgment "must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact." Suarez v. Dickmont, supra, 229 Conn. 105. The Appellate Court in Wadia Enterprises, Inc. v.Hirschfeld, 27 Conn. App. 162, 166, 604 A.2d 1339, aff'd224 Conn. 240, 618 A.2d 506 (1992), summarized the obligations of the nonmovant in a motion for summary judgment. "[i]t is not enough CT Page 12296 that one opposing a motion for a summary judgment claims that there is a genuine issue of material fact; some evidence showing the existence of such an issue must be presented in the counter affidavit; . . . [I]t is not enough . . . merely to assert the existence of such a disputed issue . . . [instead] the genuine issue aspect requires the party to bring forward before trialevidentiary facts, or substantial evidence outside of thepleadings, from which the material facts alleged in the pleadings can warrantably be inferred." (Emphasis in original). (Citation omitted; internal quotation marks omitted). Id., 168-69. Moreover, "[m]ere statements of legal conclusions or that an issue of fact does exist are not sufficient to raise the issue." Id., 169.
In opposition to the motion by plaintiffs for summary judgment, the defendants submitted the affidavits of both Waldorfs, which refer to the purchase and sale agreement and the agreement by plaintiffs to continue to work for them after the sale. The affiants state that the plaintiffs misrepresented the amount of gross sales and profitability of the business they purchased: that the Waldorfs lost money due to the plaintiffs' inadequate performance of their employment duties; that the plaintiffs refused to follow various company policies concerning sales and credits, particularly regarding log books, records and work orders; that the plaintiffs failed to appear for work on many occasions; and that the plaintiffs withheld money rightfully belonging to the affiants. The Waldorfs concede that they signed the April, 1988 stipulation to settle the law suit brought against them, and that they were represented by counsel at the time, but claim they did so only because of "extreme economic pressures" caused by plaintiffs who, according to the affidavits, were threatening to speak about the defendants to their customers in a disparaging manner, and thus that they had no choice but to sign.
The defendants also submitted an affidavit by a Bruce Campbell, an employee from 1986 to 1990, which attested that the plaintiffs refused to follow company policy after they sold the business to defendants and became employees. The affiant also states that the plaintiffs made negative comments about the Waldorfs, that they would not properly transmit work orders, and generally disrupted the business office.
Thus, the defendants claim that there are genuine issues regarding the right of the plaintiffs to payment of the CT Page 12297 promissory note of July 25, 1985, because of misrepresentations by the plaintiffs about the business, and their disruptive conduct as employees of the defendants after the sale. The Waldorfs concede that they signed a stipulation which purported to settle all claims concerning the purchase of the plaintiffs' business, and which released the plaintiffs from all liability relating thereto, but contend that they signed the stipulation only under duress and threats.
The plaintiffs cite Young v. Data Switch Corporation,231 Conn. 95, 646 A.2d 852 (1994), for the proposition that one cannot reap the benefits of an agreement and then attempt to repudiate it after a reasonable time has passed. The employee inYoung signed a severance agreement in August, 1985, which afforded him certain stock options. In January, 1987, some seventeen months later, "the plaintiff first assert[ed] a claim that the severance agreement was voidable because it had been obtained by duress." Id., 99. In the present action, the defendants signed a stipulation in April, 1988, which afforded them certain benefits and settled a law suit brought against them. There is no indication that the defendants in this case attempted to repudiate the settlement until February, 1994, when they asserted a special defense of duress in the present action. The court in Young affirmed the trial judge's action in setting aside a verdict for plaintiff and rendering judgment for the defendant based on Section 380(1) of the Restatement (Second) of Contracts (1981), which provides that "[t]he power of a party to avoid a contract for . . . duress . . . is lost if, after the circumstances that made the contract voidable have ceased to exist, he . . . acts with respect to anything that he has received in a manner inconsistent with disaffirmance."
While the defendants may have been able in the past to challenge the stipulation based upon duress, the defense has dissipated through the passage of time. Furthermore, the first and second special defenses relate to the merits of the 1987 case, which was settled and judgment entered pursuant to the stipulation. Therefore, they are barred from being asserted as defenses in the present action.
It is evident from reviewing the various affidavits that the defendants have not created any genuine issues of material fact by virtue of the affidavits they have presented in opposition to the motion for summary judgment, and therefore the motion is granted based on the authority of Young v. Data Switch, supra. CT Page 12298 Judgment is entered as to the first count in favor of the plaintiffs and against Food Store and both William and Barbara Waldorf for $548,748.94, plus $3,000 attorney's fee. Judgment is also entered as to the second count against the defendants Food Store and William Waldorf in the amount of $31,074.99. Costs are to be taxed by the clerk.
So Ordered.
Dated at Stamford, Connecticut, this 6th day of December, 1994.
William B. Lewis, Judge