Ralph M. Steinberg et al. *v.* Frederick Scott Reding, Executor (Estate of Corrine I. Reding)

(9050)

Spallone, O'Connell and Heiman, Js.

Argued January 16—decision released March 12, 1991

*Lawrence M. Lapine,* with whom, on the brief, was *Christopher R. Bello,* for the appellant-appellee (defendant).

*Jack D. Garamella,* with whom, on the brief, was *Paula Flanagan,* for the appellees-appellants (plaintiffs).

Heiman, J. The defendant appeals and the plaintiffs[1] cross appeal from a judgment rendered in favor of the

---

[1] The plaintiffs in this action are Ralph M. Steinberg and Suzanne Steinberg, husband and wife.

plaintiffs, whereby the trial court awarded the plaintiffs specific performance of a purported contract to sell real estate, or, in the alternative, should the plaintiffs no longer want to purchase that real estate within 120 days of the final judgment, it ordered the defendant to return the plaintiffs' deposit in the amount of $29,000. In his appeal, the defendant challenges only the court's award of specific performance. We reverse the judgment in part.

The dispositive issue in this case is whether the evidence established the existence of a contract that is susceptible to specific performance. We conclude that the court improperly found the existence of a contract.

The facts necessary to a resolution of this case may be briefly summarized as follows. The plaintiffs and the defendant's decedent began negotiations for the purchase of land that is owned by the defendant and abuts the plaintiffs' existing property. Although both parties agree that such a negotiation took place, they are at issue over what the resulting contract encompassed. The plaintiffs claim that the contract was for the purchase of 8.003 acres of land, together with a right-of-way, for a purchase price of $90,000. The defendant, on the other hand, claims that the contract was for the sale of 8.003 acres of land without any right-of-way. In their suit, the plaintiffs sought specific performance of the contract that they claimed existed to convey 8.003 acres together with a right-of-way.

The court concluded that a contract existed, but not the one for which the plaintiffs' sought specific performance. The judgment effectively orders the specific performance of a contract that the plaintiffs claim does not exist.

The confusion as to the terms of the contract is borne out by the fact that the judgment of specific perform-

ance in favor of the plaintiffs orders specific performance of a contract that the plaintiffs never sought to enforce in their complaint.

In order to form a binding and enforceable contract, there must exist an offer and an acceptance based on a mutual understanding by the parties. *Cavallo* v. *Lewis,* 1 Conn. App. 519, 520, 473 A.2d 338 (1984). The mutual understanding must manifest itself by a mutual assent between the parties. *Ubysz* v. *DiPietro,* 185 Conn. 47, 51, 440 A.2d 830 (1981). Further, the contract must be definite and certain as to its terms and requirements. *Augeri* v. *C. F. Wooding Co.,* 173 Conn. 426, 429–30, 378 A.2d 538 (1977).

Here, the trial court ordered specific performance of a contract that was not the contract claimed by the plaintiffs to be the one that existed between the parties. Thus, the relief granted was not the relief sought. It is not within the province of the court to create new and different agreements. *Fidelity Trust Co.* v. *BVD Associates,* 196 Conn. 270, 282, 492 A.2d 180 (1985); *Jay Realty, Inc.* v. *Ahearn Development Corporation,* 189 Conn. 52, 55, 453 A.2d 771 (1983).

Our review of the record, transcripts and briefs leads us to conclude as a matter of law, that the court improperly held that a valid contract for the sale of land existed between the parties.

On the defendant's appeal, the judgment is reversed as to the order of specific performance only. On the plaintiffs' cross appeal, the judgment is affirmed. The case is remanded with direction to render judgment in favor of the plaintiffs ordering the defendant to return to the plaintiffs their deposit in the amount of $29,000 without interest.

In this opinion the other judges concurred.