[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiffs in this action are Carol Holz and Richard Holz, who purchased a beauty supply distributorship from the defendant, Charles A. Fisher, on or about March 29, 1987. Their complaint as revised alleges a breach of contract by defendant concerning the right to distribute a line of beauty products manufactured by the Image Company (Image). Plaintiffs claim the defendant represented that part of the business being sold to them was the right to distribute Image products, and that the plaintiffs relied on this representation, but that Image had already decided not to sell its products through the defendant.
The first and third counts of the complaint alleging fraudulent misrepresentation and a violation of General Statutes 42-110a et seq., the Connecticut Unfair Trade Practices Act (CUTPA), respectively, were previously stricken on statute of limitation grounds, leaving the count alleging breach of contract. The defendant Fisher filed an answer generally denying the allegations of the complaint.
Defendant has moved for summary judgment (#116), claiming that there are no genuine issues of material fact, and that he is entitled to judgment as a matter of law. Practice Book 384. "Summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Connecticut Bank Trust Co. v. Carriage Lane Associates, 219 Conn. 772, 780-81, 595 A.2d 334 (1991).
The criteria for the granting of a summary judgment were also set forth by the Appellate Court in Cummings Lockwood v. Gray, 26 Conn. App. 293, CT Page 5111 296-297, 600 A.2d 1040 (1991): (1) such a judgment may be granted if there is no genuine issue as to any material fact; (2) a material fact is one that will make a difference in the outcome of the case; (3) the moving party has the burden of proving the nonexistence of any material fact; (4) the evidence must be viewed in the light most favorable to the nonmovant; and (5) the test is whether the moving party would be entitled to a directed verdict on the same facts. Thus, our task in deciding this motion is not to evaluate the merits of a particular issue, but only to decide whether there exists any genuine issue of material fact.
In support of his motion for summary judgment, the defendant Fisher has submitted his own affidavit which makes the following points: (1) he and the plaintiffs signed a contract, attached to the moving papers, outlining precisely what was sold to the plaintiffs, and it did not include the right to distribute Image products or any other line of beauty products; and (2) the contract and the bill of sale, also attached to defendant's affidavit, show clearly that the subjects of the sale were merchandise, a certain vehicle, other equipment, goodwill and Fisher's promise to work with the plaintiffs for a time to show them the business.
The defendant claims that the contract and the bill of sale represent the entire agreement and understanding between the parties, and that the contract cannot be varied by parol evidence. Furthermore, defendant contends that the plaintiffs bought the business in the spring of 1987, and had been running it for over four years when they brought suit in October, 1991 due to the termination of the Image line of beauty products.
Wadia Enterprises, Inc. v. Hirschfeld, 27 Conn. App. 162, 166,604 A.2d 1339 (1992), summarizes the obligations of the nonmovant in responding to a motion for summary judgment: (1) "the party opposing [summary judgment] must substantiate its adverse claim by showing that there is a genuine issue of material fact together with the evidence disclosing the existence of such an issue." Id., 166; (2) "[m]ere statements of legal conclusions . . . and bald assertions, without more, are insufficient to raise a genuine issue of material fact capable of defeating summary judgment." Id., 170; (3) "[i]t is not enough . . . merely to assert the existence of such a disputed issue . . . [instead] the genuine issue aspect requires the party to bring forward before trial evidentiary facts, or substantial evidence outside of the pleadings, from which the material facts alleged in the pleadings can warrantably be inferred." Id., 168-69; and (4) "[m]ere statements of legal conclusions or that an issue of fact does exist are not sufficient to raise the issue." Id., 169. (Internal citations and quotation marks omitted; emphasis in original.)
In response to defendant's motion for summary judgment, the plaintiffs CT Page 5112 submitted the affidavit of Richard Holz, which contends that: (1) after the purchase of the defendant's business on May 29, 1987, he learned that Image had decided to terminate its relationship with the defendant; (2) that decision had been made prior to the signing of the contract of sale on April 3, 1987; and (3) Fisher was aware of this decision by Image but failed to reveal to the plaintiffs that the distributing of Image products "was in jeopardy."
Plaintiff claims that a factual issue exists as to whether the contract between the parties completely expressed their agreement, or whether there were ambiguities which would permit the introduction of parol evidence to show that the parties intended that the Image line of products represented a portion of the sales price paid to defendant. The plaintiffs also argue that whether the contract is voidable for fraud and misrepresentation presents another factual issue.
In analyzing the defendant's motion, one starts with the proposition that "[the] party moving for summary judgment has the burden of showing the absence of any genuine issue as to all the material facts, which under applicable principles of substantive law, entitled him to judgment as a matter of law. To satisfy his burden the movant must make a showing that it is quite clear what the truth is, and that excludes any real doubt as to the existence of any genuine issue of material fact." Fogarty v. Rashaw,193 Conn. 442, 445, 476 A.2d 582 (1984). See also Bassin v. Stamford,26 Conn. App. 534, 537, 602 A.2d 1044 (1992), to the same effect. In addition, "[b]ecause the burden is on the movant, the evidence must be viewed in the light most favorable to the nonmovant and he is given the benefit of all favorable inferences that can be drawn." Catz v. Rubenstein,201 Conn. 39, 49, 513 A.2d 98 (1986).
The affidavits and supporting documents filed by the parties indicate that despite the caveats expressed in Fogarty and Catz, summary judgment is appropriate in this case because no genuine issues of material fact remain unresolved. The contract of sale and the bill of sale are quite clear as to what is being conveyed, and the right to distribute a particular brand of products was not included. A contract "must be definite and certain as to its terms and requirements." Steinberg v. Redding, 24 Conn. App. 212, 214,587 A.2d 170 (1991). The counts claiming fraudulent misrepresentation and a CUTPA violation have already been stricken and the plaintiff is left with a claim of breach of a contract which specifies what it includes and what it does not include. Moreover, paragraph 10A states that the contract "contains the entire understanding between the parties" and 10B provides that "[t]his agreement. . . constitutes the entire agreement, [and] there are no oral agreements, understandings or representations being relied upon by the parties. Any modifications must be in writing and signed by CT Page 5113 all parties to this agreement." Moreover, "[i]t is axiomatic that a party is entitled to rely upon its written contract as the final integration of its rights and duties." Zullo v. Smith, 179 Conn. 596, 601427 A.2d 409 (1980). The desire of the plaintiffs to introduce evidence contradicting these two provisions runs counter to parol evidence rule prohibiting consideration of alleged understandings not embodied in the final agreement of the parties. Under the parol evidence rule, if a written contract is found to be a final agreement between the parties, evidence of a prior unwritten agreement would not be allowed to have any effect on the agreement as integrated in the writing. Samora v. Christ-Janer, 184 Conn. 109, 113, 441 A.2d 61 (1981).
"Parol evidence offered solely to vary or contradict the written terms of an integrated contract is . . . legally irrelevant." TIE Communications, Inc. v. Kopp, 218 Conn. 281, 288, 589 A.2d 329 (1991).
Therefore, defendant Fisher's motion for summary judgment is granted because the contract clearly does not include the Image product line in the sale of the defendant's business.
So Ordered.
Dated at Stamford, Connecticut, this 24th day of May, 1993.
William B. Lewis, Judge