[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff Michael Rothman was hired by the defendant Pratt Whitney Aircraft on December 27, 1964. On May 22, 1990, after serving one year of a scheduled three-year assignment in Germany, the plaintiff received a notice of unacceptable performance and was reassigned to San Francisco, California. The plaintiff then received a memo from a company Vice-President informing the plaintiff that an action plan would define his assignment. The plaintiff then relocated his family to California in July 1990. On May 17, 1991, the plaintiff received an unsatisfactory performance evaluation and was discharged by the defendant in August 1990. The stated reason for the dismissal was cost reduction and poor performance.
In the first count plaintiff alleges that the defendant company had promulgated written and oral policies governing the process of performance evaluations. These policies, it is alleged, constituted an oral and implied contract between the parties. The plaintiff was not afforded a timely opportunity to review and respond to the performance evaluations in violation of company policies. By failing to follow its established policy with regard to performance evaluations, plaintiff asserts that the defendant breached its contract.
In count two the plaintiff contends that prior to his relocation to California, his supervisor promised on behalf of the company to develop an "action plan" which would alert the plaintiff to his specific job objectives and monitor his progress. Contrary to the promise contained in the written memorandum, no action plan was ever developed and presented to the plaintiff. The plaintiff asserts that CT Page 892 by failing to present an action plan to him, the company breached the contract as embodied in the memorandum.
In count three the plaintiff alleges a breach of contract in that the defendant promised to remove a letter referring to the plaintiff's performance difficulties from his personnel file. The plaintiff alleges that in violation of this agreement, the letter was not removed from his file.
In count four, it is alleged that the defendant should have realized that its promise to the plaintiff of a "clear slate" upon his relocation to California would have induced plaintiff to undertake this relocation. Plaintiff relied on this representations by relocating to California and foregoing the search for other employment. The defendant failed to adhere to the representations upon which plaintiff relied.
The defendant now moves to strike counts one through four of the complaint. The defendant argues that the plaintiff has alleged that the defendant employer has failed to follow established policies with regard to personnel and procedures, but has not alleged that these policies and procedures created a contract which limited the defendant's right to terminate the plaintiff. Therefore, the defendant argues that there is no cause of action.
It is true that there is no action for wrongful discharge "unless an employee has an agreement, expressed or implied, that he will not be terminated except for just cause. . .". Cogan v. Avco-Lycoming, 5 Conn. L. Rptr. 504, 505 (1992); See also Finley v. Aetna Life Casualty Co.,202 Conn. 190 (1987). However, in the instant case the plaintiff is not claiming that he was wrongfully terminated; he is only asserting that certain agreements with regard to performance evaluations were violated by the defendant. This interpretation is necessary where, as here, a motion to strike is at issue and the complaint must be viewed in the light most favorable to the pleader. Norwich v. Silverberg, 200 Conn. 367, 370 (1986).
An implied contract is an agreement between the parties which may be inferred from the acts and conduct of CT Page 893 the parties. Brighenti v. New Britain Shirt Corp.,167 Conn. 403, 406 (1974). "In order to form a finding and enforceable contract, there must exist an offer and acceptance based on a mutual understanding by the parties." Steinberg v. Redding, 24 Conn. App. 212, 214 (1991). When viewed most favorably to the pleader, plaintiff has alleged implied and express contracts in the various counts in connection with the defewndant's [defendant's] failure to honor agreements regarding performance evaluations, action plans, and personnel files.
Additionally, promissory estoppel exists where there is a clear and definite promise which a promisor could reasonably have expected to induce reliance. D'Ulisse-Cupo v. Board of Directors of Notre Dame High School,202 Conn. 206, 213 (1987). The defendant's promise alleged in count four that the plaintiff would start with a "clean slate" in California induced the plaintiff to relocate and to forego other employment opportunities. Thus, the elements of promissory estoppel have been sufficiently alleged.
For the reasons stated, the motion to strike is denied.
Langenbach, J.