[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
One of the lessons to be learned from this litigation is the value of written contracts. The plaintiff, Little Town Plumbing Company agreed to perform plumbing and heating work for the defendant homeowners Jonathan Wolken and Joanne Torti. There was no written agreement setting forth the terms and costs. When a disagreement arose over the ultimate cost and extent of the work performed by the plaintiff, this lawsuit ensued.
In the first count of its three count complaint, the plaintiff, a plumbing and heating contractor, claims that it entered into an oral contract with the defendants to perform plumbing and heating work on the addition for time and materials, and that $9,077.58 is owed to the plaintiff under that contract. In the second count, the plaintiff alleges alternatively that under a quantum meruit theory, it is entitled to $9,077.58 from the defendants. Finally the plaintiff alleges in the third count that alternatively under a theory of unjust enrichment it is entitled to the recovery of the $9,077.58.
The defendants deny the factual allegations and any liability in their answer. They further allege through three special defenses that the plaintiff failed to comply with the Home Improvement Act, that the plaintiff breached its contract with the defendants and that the plaintiff made intentional or negligent false statements that the plaintiff made to induce the defendants to rely to their detriment. The defendants also filed a counterclaim alleging breach of contract, negligent CT Page 12783 misrepresentation, intentional misrepresentation and violations under the Connecticut Unfair Practices Act.
The case proceeded to trial on June 21, 2000, continued to July 6, 2000 and concluded on July 27, 2000. The parties submitted post trial memoranda on August 31, 2000.
At trial, in its case in chief, the plaintiff called as witnesses Paul Woike, Town of Bethlehem Building Inspector and Douglas Sherman, president of the plaintiff Little Town Plumbing Company. The defendants called as witnesses Peter Myjak, president of a heating and air conditioning company whom they had disclosed under Practice Book §13-4, defendant Jonathan Wolken and defendant Joann Torti. On rebuttal, the plaintiff called Constance Sherman, plaintiff's bookkeeper, Daniel Lonegan, an employee of the plaintiffs, and recalled Douglas Sherman.
The court finds the following pertinent facts were proved by a fair preponderance of the credible evidence. The plaintiff is a nineteen year old plumbing and heating business owned and run by Roger Sherman, a licensed plumbing and heating contractor of some thirty years experience. Sherman has known of the defendants Jonathan Wolken and Joanne Torti for approximately ten years, and the plaintiff has performed work for the defendants prior to this transaction. Wolken and Torti own a house in Bethlehem and sometime in early 1998 they met with Sherman to discuss plumbing and heating work for an addition they were building. At various meetings through August 1998, Sherman and the defendants met to discuss the installation of two bathrooms and providing heat to the addition. The defendants expressed their concern with cost and the need for expeditious work in light of the impending cold weather and the turn of their children to school. The defendant Wolken told Sherman that he would perform some of the work as a cost saving measure. There was no signed agreement regarding the work or its cost.
The plaintiff began work on August 20, 1998, installing the plumbing first and then the heating system. and finished its work on November 17, 1998. The work was performed by licensed plumbers. After an initial payment on October 9, 1998 of $3000.00, the defendants began paying the plaintiff for its work in monthly installments of $1,000, paying a total of $8,588.65.
As to the first count of the complaint, the court finds that the plaintiff has failed to prove by a fair preponderance of the evidence that an oral contract was formed between the parties. In order to proceed on this count, the plaintiff must establish that there was an offer and acceptance based upon a mutual understanding of the parties. Further, the "mutual understanding must manifest itself by a mutual assent between the CT Page 12784 parties . . . and the contract must be definite and certain as to its terms and requirements." (Citations omitted). Steinberg v. Reding,24 Conn. App. 212, 214 (1991). Here, the plaintiff's president and the defendants had a number of discussions about the plumbing and heating work to be done, but did not agree on a price. Based on the credible and probative evidence, there was no agreement that was definite and certain as to its terms and requirements. In light of this finding, the court does not address the defendant's second special defense of breach of contract. Further, for the same reason, the defendants cannot prevail on the first count of their counterclaim.
The plaintiff alternatively claims that under a theory of quantum meruit and unjust enrichment it is entitled to recovery the sum of $9,077.58 from the defendants. In Burns v. Koellmer, 11 Conn. App. 375,383-85 (1987), the Appellate Court explains these two theories of recovery as encompassed under the larger theory of restitution:
 Unjust enrichment and quantum meruit are forms of the equitable remedy of restitution by which a plaintiff may recover the benefit conferred on a defendant in situations where no express contract has been entered into by the parties.
Id., 385.
The court noted that under a theory of quantum meruit a party can recover when "an implied contract for services existed between the parties, and, that, therefore, the plaintiff is entitled to the reasonable value of services rendered." Id, 383. The implied contract is determined from evidence of the parties' course of conduct implying a promise to pay for the services. Such conduct would include the defendants' knowing acceptance of the plaintiff's services as well as the defendants' representation that plaintiff would be compensated in the future. Ultimately, the evidence must show an implied promise by the defendants' to pay for the plaintiff's services. To the extent that the plaintiff is claiming that the benefit received by the defendants is money or property, rather than labor or services, the appropriate theory of recovery is unjust enrichment.
The plaintiff is entitled to recover under the theories of quantum meruit and unjust enrichment. Based on the credible evidence, the court finds that the defendants accepted as reasonable the amount claimed for the plaintiff's work on the plumbing which was $5.765.74 as billed in September 1998.
While the defendants complain as to the quality of the plaintiff's CT Page 12785 work, their complaints focus on the heating system rather than the plumbing work. Their expert, Peter Myjak testified that reasonable value of the heating work done by the plaintiff was $5,611.00, as compared with the plaintiff's demand for $11,820.49. The defendants claim that the plaintiff failed to insulate the duct work and that the two zone heating system installed by the plaintiff does not convert to a three zone system as promised. There is insufficient evidence, expert or otherwise, for this court to find that the plaintiff failed to perform the work as promised or that the workmanship was poor. Nevertheless, there was evidence that further insulation of the duct work was necessary and that the conversion to three zone will be a significant cost in the future. Based upon all the credible and probative evidence, the court finds that the reasonable value of the heating work performed by the plaintiff is $5,611.00.
Turning to the defendant's special defense under the home improvement act, General Statutes § 20-429, the court finds that under AvonPlumbing and Heating Company, Inc. v. Fey, 40 Conn. App. 351, 358
(1996), the defendants cannot prevail on this defense. The Avon Plumbing
court noted,
 Because § 20-428(4) exempts from the written contract requirement of § 20-429(a)(1) "persons" with current occupational licenses and "persons" is defined as including corporations, we conclude that if work if done by a licensed plumber who works for a corporation, the lack of a written contract between the corporation and a home owner does not bar recovery by the corporation for the work performed.
Here the evidence shows that the plaintiff's employees performing the work were licensed plumbers. Thus. the plaintiff falls into the exemption under § 20-428(4).
In the second count of the counterclaim the defendants allege a cause of action against the plaintiff in negligent misrepresentation. In order to prevail the defendants must prove that the plaintiff supplied false information to guide the defendants in making their decision, that the defendants justifiably relied on that information and that the plaintiff failed to exercise reasonable care or competence in obtaining or communicating that information. D'Ulisse-Cupo v. Board of Directors ofNotre Dame High School, 202 Conn. 206, 218 (1987).
Because the court finds that the plaintiff did not state a price for the work to be done, the defendants cannot prevail on this court. While the defendants argue that the plaintiff through Sherman should have known CT Page 12786 that the work could not be done for the "stated prices" and that Sherman provided them these prices to induce them to hire the plaintiff, the credible evidence establishes here that there was no agreement as to prices. The credible testimony showed that cost and timing were concerns known to all parties from the beginning and that Sherman suggested that the defendants hire another contractor for the heating work because the plaintiff was so busy. The evidence does not support the negligent misrepresentation.
Citing Paiva v. Vanech Heights Construction Co., 159 Conn. 512 (1970). the defendants argue that the plaintiff intentionally misrepresented facts to the defendants. Based upon the findings stated in the discussion regarding the negligent misrepresentation court, the court finds for the plaintiff on this count. In addition, there was no credible evidence that the plaintiff intentionally made statements it knew to be false.
The fourth count of the counterclaim alleges violations of the Connecticut Unfair Trade Practices Act, General Statutes § 42-110a et seq. First, the defendants argue that under General Statutes §20-427(b) and Woronecki v. Trappe, 228 Conn. 574, 579 (1994), the failure of the plaintiff to comply with the Home Improvement Act is a per se violation of CUTPA. Because the court has found that the plaintiff is not subject to the requirements of the Home Improvement Act, because it falls into the exception under General Statutes § 20-428(4), this argument fails. The second alleged violation is based on the alleged misrepresentations of the plaintiff, negligent and/or intentional. The court found there were no such misrepresentations. This argument must fail.
The final ground of CUTPA violation rests on the efforts of the plaintiff to collect from the defendants. First, the defendants argue that the plaintiff's bookkeeper used offensive and harassing language in talking with defendant Torti about paying the invoices. Based upon the credible testimony, the court does not believe that the conversation included such offensive conduct. The other basis raised by the defendant is that the plaintiff charged interest in violation of Connecticut Agencies Regs. § 36a-647-5,[1] because there was no agreement regarding interest. The plaintiff clearly did so. The plaintiff argues that this error should be excused under § 36a-647-7 which states,
 A creditor shall not be found to violate any provision of sections 36a-647-1 to 36a-647-7, inclusive, of the Regulations of Connecticut State Agencies if the creditor proves by a preponderance of the evidence that the violation was not intentional and resulted from a bona fide error notwithstanding the maintenance CT Page 12787 of procedures reasonably adapted to avoid such error. As to any violation by an employee of the creditor, the commissioner shall consider, without limitation, the extent of the creditor's education program for its employees in determining whether the creditor maintains procedures reasonably adapted to avoid such error.
The testimony of the plaintiff's bookkeeper, while credible does not excuse the violation under the above regulation. This violation of the creditor collection regulations constitutes a violation under CUTPA. SeeDaddona v. Liberty Mobile Home Sales, Inc., 209 Conn. 243, 257 (1988) ("CUTPA was designed to protect the public from unfair practices, and whether a practice is unfair depends upon the finding of a violation of an identifiable public policy.")
On the complaint the plaintiff is entitled to recover $2,788.09. On the counterclaim the court finds for the plaintiff on all counts but the fourth count. On the fourth count, the court finds for the defendant on the issue of violating regulations regarding collection practices. On that count, the court awards attorney's fees of $2,500.00. See JacquesAll Trades Corp. v. Brown, 42 Conn. App. 124, 131 (1996).
Judgment may enter accordingly. Costs are taxed to neither party.
DiPentima, J.