[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
Examination of the pleadings and supporting documents discloses the following undisputed facts. The plaintiff, Yale New Haven Hospital, Inc. ("Yale"), provided medical services to the defendant, Vincent Esposito. The value of those services is $91,085.86. Esposito has not paid Yale. On February 4, 1994, Yale filed this five count amended complaint to recover the debt against Esposito and his spouse, Dawn Esposito, who they allege is also liable for the value of the medical services pursuant to General Statutes 46b-37. On February 2, 1994, the defendants filed an answer and four special defenses.[1] On February 18, 1994, the plaintiff filed this motion for summary judgment on the issue of liability. As required by Conn. Practice Bk. 381, the plaintiff filed an affidavit from Bernard Lane, Director P.F.A.S., averring his personal knowledge of the debt. In addition, the plaintiff filed a memorandum of law in support of the motion for summary judgment. On March 4, 1994, the defendant filed a memorandum in opposition to the plaintiff's motion.
Oral argument on the plaintiff's motion for summary judgment was heard at short calendar on March 7, 1994.
LEGAL DISCUSSION
"Practice Book 384 provides that summary judgment `shall be rendered forthwith if the pleadings, affidavits, and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.'" Lees v. Middlesex Ins. Co., 219 Conn. 644, 650,594 A.2d 592 (1991).
 "Although the party seeking summary judgment has the burden of showing the nonexistence of any material fact; DHR Construction Co. v. Donnelly, 180 Conn. 430, 434, 429 A.2d 903 (1980); a party opposing summary judgment must substantiate its adverse claim by showing that there is a genuine issue of material fact together with the evidence disclosing the existence of such an issue. Practice Book 380, 381; [Burns v. Hartford Hospital, 192 Conn. 451, 455, 472 A.2d 1257 (1984)]. In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving CT Page 3246 party. Town Bank Trust Co. v. Benson, 176 Conn. 304, 309, 407 A.2d 971 (1978)." Strada v. Connecticut Newspapers, Inc., 193 Conn. 313, 317, 477 A.2d 1005
(1984). "The test is whether a party would be entitled to a directed verdict on the same facts." Batick v. Seymour, 186 Conn. 632, 647, 443 A.2d 471 (1982).
Connell v. Colwell, 214 Conn. 242, 246-47, 571 A.2d 116 (1990). "When a motion for summary judgment is supported by affidavits and other documents, an adverse party, by affidavit or as otherwise provided by 380, must set forth specific facts showing that there is a genuine issue for trial, and if he does not so respond, the court is entitled to rely upon the facts stated in the affidavit of the movant." Catz v. Rubenstein, 201 Conn. 39, 49, 513 A.2d 98
(1986), citing Bartha v. Waterbury House Wrecking Co., 190 Conn. 8,11, 459 A.2d 115 (1983).
The plaintiff contends that there is no genuine issue as to any material fact and that it is entitled to judgment as a matter of law. The plaintiff argues that the defendants have admitted that Vincent Esposito received medical services and that he has not paid for them. The plaintiff further contends that the defendants' special defenses do not dispute any material fact necessary to decide a motion for summary judgment. The plaintiff therefore contends that it is entitled to judgment as to liability.
The defendants, on the other hand, argue that their special defenses raise a triable issue of fact and that the plaintiff's motion for summary judgment should therefore be denied. The defendants' special defenses are: (1) The defendants have applied for public assistance to pay for the hospital charges; (2) The plaintiff did not have a reasonable expectation of payment; (3) The defendant agreed to pay for the hospital charges only under duress; and (4) The defendants are indigent and cannot pay the hospital charges.
"The purpose of a special defense is to plead facts which are consistent with the allegations of the complaint but demonstrate, nonetheless, that the plaintiff has no cause of action. Practice Book 164." Grant v. Bassman, 221 Conn. 465, 472-73, 604 A.2d 814
(1992). A defendant opposing summary judgment is not relieved from sustaining his burden of showing a material issue of fact merely by raising a special defense. Centerbank v. Silvermine Land Investment Corp., 8 Conn. L. Rptr. 61 (January 11, 1993, Lewis, J.). The defendant may not rely solely on the special defenses to show a CT Page 3247 material issue of fact and summary judgment may be granted on the plaintiff's complaint where the defendant has not provided any evidence in opposition to the plaintiff's motion for summary judgment. Id.
In the present case, the plaintiff's affidavit states that Yale provided the defendants with medical services and that the defendants have not paid for those services. The defendants do not dispute these facts. The defendants rely on their special defenses to oppose the plaintiff's motion for summary judgment. The defendants failed to plead any facts to support their special defense of duress. The defendants' remaining special defenses do not allege any facts which demonstrate that the plaintiff has no cause of action. "`Mere statements of legal conclusions or that an issue of fact does exist are not sufficient to raise the issue.' United Oil Co. v. Urban Redevelopment Commission, 158 Conn. 364,367, 260 A.2d 596 (1969)." Wadia Enterprises, Inc. v. Hirshfeld,27 Conn. App. 162, 169, 604 A.2d 1339 (1992). The defendants' special defenses do not raise a triable issue of any material fact necessary to decide the plaintiff's motion on the issue of liability.
CONCLUSION
Based on the foregoing, the plaintiff's Motion For Summary Judgment As To Liability (#103) is granted.
So ordered.
Michael Hartmere, Judge