[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiffs, Gary Sciarrillo, Bradley Wilson, Vincent DeFina and Sam Romeo, filed an amended four count complaint dated November 10, 1993, against the defendants, Anthony Ceci and Innovative Capital Corporation (ICC)[1], arising out of financial investments by the plaintiffs in a limited partnership created by ICC and known as a Residential Equity Assistance Program (REAP). The plaintiffs allege in the first count that Ceci made false representations, which induced them to invest their money in REAP. In the second count, the plaintiffs allege that Ceci made negligent misrepresentations, which also induced them to invest in REAP. The plaintiffs allege that Ceci committed fraud in the fourth count of their complaint. In his answer to the complaint and special defenses, Ceci denies that he prepared any financial statements relating to REAP on which the plaintiffs could conceivably have relied.
The defendant has moved (#136) for summary judgment as to the first, second and fourth counts of the complaint. The third count is directed solely against ICC. The motion is directed only against plaintiffs Wilson, DeFina and Romeo, as defendant concedes that the affidavit in opposition to summary judgment CT Page 8862 filed by plaintiff Sciarrillo raises certain issues regarding several material facts.
In support of his motion for summary judgment, defendant has included his own affidavit, and excerpts from deposition testimony of the three plaintiffs against whom the motion for summary judgment is directed. The affidavit by Ceci indicates: (i) that he is a certified public accountant; (ii) that he prepared income tax returns for ICC and its principal officer, William Carlucci[2]; (iii) that he never prepared financial statements for ICC or Carlucci or any other document or material relating to investing in REAP; (iv) that he was never involved in REAP in any way, including soliciting investments therein; and (v) that he had no contacts whatsoever with plaintiffs DeFina or Romeo, and that his only contact with plaintiff Wilson was during one golf game in which they did not discuss investing in REAP.
The excerpts from the deposition testimony of Wilson, DeFina and Romeo reveal that: (i) Wilson did not himself make any investment in REAP, but rather solicited "seed money" for this investment at the request of Carlucci; (ii) Wilson only met Ceci on one occasion, a golf match at which business was not discussed; (iii) Wilson never received any written material from Ceci; (iv) DeFina never met Ceci, nor had Carlucci ever mentioned Ceci's name to him; (v) DeFina said "I don't know" when asked if Ceci was involved in preparing financial statements for ICC or REAP; (vi) Romeo never met or spoke with Ceci, but "assumed" Ceci had prepared ICC's financials, although no one ever told him so; and (vii) when asked if Ceci had prepared ICC's financials, Romeo testified "I guess so."
In opposition to defendant Ceci's motion for summary judgment as to Wilson. DeFina and Romeo, these plaintiffs submitted their depositions and an affidavit by Sciarrillo. As noted previously, defendant agrees that this affidavit raises certain factual issues prohibiting summary judgment against that plaintiff. Wilson's deposition testimony quotes Carlucci to the effect that Ceci had raised money for REAP, and had prepared a business plan and financial data for that entity. When asked if Carlucci could have been lying to him regarding Ceci's involvement with REAP, he said "It very well could be." Wilson also claimed that he saw some figures relating to income and expenses for ICC for 1988, that he believed were prepared by Ceci, but agreed that he had no reason to believe they were inaccurate. CT Page 8863
DeFina's deposition, which was also a part of the papers filed by the plaintiffs in opposition to the motion for summary judgment, again reveals that he has no positive knowledge of Ceci's involvement with ICC/REAP.[3] Romeo's deposition includes the same points as the excerpts from that deposition cited by defendant, to wit, that Romeo never met Ceci and only assumed that he prepared some financial information relating to ICC that Romeo reviewed at one point.
"[S]ummary judgment shall be rendered forthwith if the pleadings, affidavits, and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." WadiaEnterprises v. Hirschfeld, 224 Conn. 240, 247, 618 A.2d 506
(1992). See Practice Book §§ 384, 381. A material fact is one that will make a difference in the result of a case. Hammer v.Lumberman's Mutual Casualty Co., 214 Conn. 573, 578, 573 A.2d 699
(1990). "`The test is whether a party would be entitled to a directed verdict on the same facts.'" Id., quoting State v.Groggin, 208 Conn. 606, 616, 546 A.2d 250 (1988). The moving party in a summary judgment motion "has the burden of showing the absence of any genuine issue as to all the material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law . . . the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact." (Citations and internal quotation marks omitted). Suarez v. Dickmont PlasticsCorp., 229 Conn. 99, 105, 639 A.2d 507 (1994). In deciding such a motion, the court must view the evidence in the light most favorable to the nonmoving party. Connecticut Bank Trust Co. v.Carriage Lane Associates, 219 Conn. 772, 781, 595 A.2d 334
(1991). "`In ruling on a motion for summary judgment, the trial court's function is not to decide issues of material fact, but rather to decide whether any such issues exist.'" Dolnack v.Metro-North Commuter Railroad Co., 33 Conn. App. 832, 838,639 A.2d 530 (1994).
It is evident from reviewing the moving papers, including the affidavit filed by Ceci, that the plaintiffs have failed to rebut the testimony of Ceci. The Appellate Court has summarized the obligations of the nonmovant in a motion for summary judgment. The party opposing summary judgment must substantiate its claim to the contrary by showing that there is a genuine issue of material fact, and must disclose the evidence establishing the existence of such an issue. Wadia Enterprises, Inc. v.CT Page 8864Hirschfeld, 27 Conn. App. 162, 166, 604 A.2d 1339, aff'd224 Conn. 240, 618 A.2d 506 (1992). Furthermore, "[i]t is not enough that one opposing a motion for a summary judgment claims that there is a genuine issue of material fact; some evidence showing the existence of such an issue must be presented in the counter affidavit; . . . [I]t is not enough . . . merely to assert the existence of such a disputed issue . . . [instead] the genuine issue aspect requires the party to bring forward before trialevidentiary facts, or substantial evidence outside of thepleadings, from which the material facts alleged in the pleadings can warrantably be inferred." (Emphasis in original). (Citation omitted; internal quotation marks omitted). Id., 168-69. Moreover, "[m]ere statements of legal conclusions or that an issue of fact does exist are not sufficient to raise the issue." Id., 169.
The three plaintiffs in this case have not submitted their own personal affidavits in opposing summary judgment. It is recognized that the failure to file a counteraffidavit does not mean that summary judgment should necessarily enter automatically; Batick v. Seymour, 186 Conn. 632, 645,443 A.2d 471 (1982); because the movant still has the burden of demonstrating the absence of a genuine issue as to a material fact. The nonmovant could still attack the sufficiency of the movant's affidavit; Evans Products Co. v. Clinton BuildingSupply, Inc., 174 Conn. 512, 514, 391 A.2d 157 (1978); but in this case the plaintiffs have not done so. The three plaintiffs, Wilson, DeFina and Romeo, rely on their deposition testimony, which clearly indicates that they have no knowledge of any involvement by Ceci in REAP, which could serve as a basis for their action against him.[4] All three of these gentlemen lost money in this investment, and as Romeo put it in his deposition, Carlucci had "[led] me down a path of destruction." They are trying to recoup their investment by suing Ceci, ICC's accountant, but are unable to show that Ceci was guilty of misrepresentations or fraud as alleged in their complaint. Wilson claims that Carlucci told him that Ceci prepared some of the financials for ICC and/or REAP, but this is clearly hearsay testimony. In order to be credible in the context of summary judgment, testimony must be based on personal knowledge, not hearsay. Practice Book § 381 ("facts such as would be admissible in evidence"). "Hearsay statements are insufficient to contradict facts offered by the moving party . . . and if an affidavit contains inadmissable evidence it will be disregarded." (Citations omitted). 2830 Whitney Avenue Corp. v. Heritage CanalCT Page 8865Development Associates, Inc., 3 Conn. App. 563, 568-69,636 A.2d 1377 (1994).
Because the papers submitted by the three plaintiffs in opposition to summary judgment do not create any genuine issues of material fact, judgment may enter in favor of the defendant Ceci as against plaintiffs Wilson, DeFina and Romeo. Sciarrillo's action against Ceci and ICC is not effected by this decision.
So Ordered.
Dated at Stamford, Connecticut, this 2nd day of September, 1994.
William B. Lewis, Judge